**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In Re:

DAREN C. DALY,					Case No: 22-15694-SMG

    Debtor.					Chapter 11 (Sub V)

_____

PATRICK DALY, ELIZABETH DALY,
ALL PAVING & SEALCOATING, LLC, and
PATRICK DALY AND ELIZABETH DALY
AS THE MAJORITY SHAREHOLDERS
OF ALL PAVING, INC.				ADV. No: _____
    Plaintiffs

vs.

DARREN C. DALY.

    Defendant.

_____/

**ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE**

Plaintiffs, PATRICK DALY, ELIZABETH DALY, ALL PAVING & SEALING COATING, LLC, and PATRICK DALY and ELIZABETH DALY AS THE MAJORITY SHAREHOLDERS OF ALL PAVING, INC., by and through their undersigned counsel, hereby file this Adversary Complaint and Proceeding against Debtor/Defendant, DAREN C. DALY, and allege as follows:

**PARTIES, JURISDICTION AND VENUE**

1. The Plaintiffs sue the Defendant to seek an exception to Discharge pursuant to 11 U.S.C. §523(a)(2)(A): "(2) for money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or insider's financial condition"; pursuant to 11

1

U.S.C. § 523 (a)(4) "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny"; and pursuant to 11 U.S.C. § 523(a)(6) "for willful or malicious injury by the debtor to another entity or to the property of another entity."

2. On July 26, 2022, (the "Petition Date") Debtor Daren C. Daly commenced the above captioned Bankruptcy case by filing a voluntary petition for relief under Chapter 11, Subchapter V of the United States Bankruptcy Code, 11 U.S.C. § 1181 et. seq. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code:"), Rule 7001 et. seq. Federal Rules of Bankruptcy Procedure ("FRBP"), and Rule 7003-1 Local Rules of the United States Bankruptcy Court, Southern District of Florida.

3. Debtor/Defendant is an individual who resides in the Southern District of Florida.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C §§ 151, 157 and 1334 (b). Venue is proper pursuant to 28 U.S.C. §1409.

5. This is a core proceeding for which the Court is authorized to determine all matters regarding this case in accordance with 28 U.S.C. § 157 (b)(2)(A)(I)(J) and (O).

**FACTS APPLICABLE TO ALL COUNTS**

6. The Debtor/Defendant has consistently and uniformly claimed that he is the one hundred percent owner and shareholder of the Florida corporation, ALL PAVING, INC. This statement is patently false, is contrary to and violative of the two Orders entered by the 17th Judicial Circuit Court in the 2017 case and the 2018 case between the parties, and is a direct and intentional misrepresentation which works a fraud upon this Court.

7. The Debtor's characterization as the having 100% ownership interest in ALL PAVING, INC. is intentionally false and violative of the 17th Judicial Circuit Court Order in the 2017 case attached to this Motion as Exhibit "1", issued in the case of *All Paving, Inc. All Paving & Sealcoating, LLC, Patrick Daly and Elizabeth Daly vs. Daren C. Daly and Jamie A. Schindler*, Case No: CACE 17-014794 (09). Said Circuit Court Order, dated September 29. 2021, ruled that "All pleadings filed by counsel for the Defendants and counsel for Plaintiffs are dismissed without prejudice as to All Paving, Inc. only, because majority ownership of that entity has not yet been adjudicated."

8. Debtor is further involved in the 2018 case which Debtor filed as Plaintiff styled *All Paving, Inc, vs. All Paving & Sealcoating, LLC., Patrick Daly, Elizabeth Daly, and Robert Holland*, filed as Case No: CACE 18-021093 (09).

9. A copy of the Agreed Order on Third Party Defendant's Motion to Dismiss Third Party Complaint and Staying this Case Pending Adjudication of Majority Ownership of All Paving, Inc. in 2017 Case, dated December 6, 2021, is attached to this Motion as Exhibit "2". Said Agreed Order provided that: "In recognition that this Court entered an Order on September 29, 2021 in Case No. CACE 17-014794 (09) ("2017 Case"), which ruled that claims filed on behalf of ALL PAVING, INC. may not proceed until majority ownership of that entity has been adjudicated, this entire 2018 Case, including all pleadings filed herein by all parties, is hereby stayed without prejudice, pending resolution of the 2017 Case including an adjudication of majority ownership of ALL PAVING, INC., or pending further order of court."

10. In that the ownership of the entity ALL PAVING, INC. has yet to be determined by the Broward Circuit Court in the inter-related cases, which is pending resolution of the 2017 Case including an adjudication of majority ownership of All Paving, Inc., Debtor DAREN C.

DALY cannot validly make the conclusory statement to the Bankruptcy Court that he is the 100% owner and director of ALL PAVING, INC. Debtor's statement to this Court that he is the sole shareholder and the owner of 100% of ALL PAVING, INC. is an intentional misrepresentation made to this Court, which operates as a fraud on the Court.

11. PATRICK DALY (12.5%) and ELIZABETH DALY (75%) assert a claim contrary to Debtor's claim of 100% ownership of ALL PAVING, INC.; and allege that combined they own and hold 87.5% of the shares of ALL PAVING, INC. and are the sole directors on the Board of Directors for ALL PAVING, INC..

12. The Florida corporation, ALL PAVING, INC. was first formed in 2013 but did not commence business operations until 2015, and its startup costs were completely funded by ALL PAVING & SEALCOATING, LLC., PATRICK DALY and ELIZABETH DALY, who signed the initial Personal Guaranties for almost all of the equipment purchased by the corporation.

13. On September 18, 2015, the ALL PAVING, INC opened a bank account with BankUnited, and executed a Beneficial Ownership Certificate to the bank under penalty of perjury stating that ELIZABETH DALY is the 75% owner of ALL PAVING, INC., PATRICK DALY is the 12.5% owner of ALL PAVING, INC. and DAREN DALY is the 12.5% owner of the corporation, ALL PAVING, INC. The Beneficial Ownership Certificate signed by Elizabeth Daly as the President of the corporation provided to BankUnited was executed in the presence of, and with the approval of DAREN C. DALY and PATRICK DALY. A copy of the Beneficial Ownership Certificate provided to Bank United is attached to this Adversary Complaint as Exhibit "3".

14. On September 20, 2015, Debtor, in his own handwriting, filled out a Credit Application to CAT Financial, stating that ELIZABETH DALY is the 75% owner of the corporation, PATRICK DALY is the 12.5 owner of the corporation, ALL PAVING, INC. A copy of said Credit Application is attached to this Motion as Exhibit "4". DAREN C. DALY'S sworn testimony on this Exhibit is attached hereto as Exhibit "7", to Plaintiff's Second Amended Complaint, attached hereto and incorporated by reference as Exhibit "10".

15. An Action by Written Consent of a Majority of Owners/Shareholders of All Paving, Inc. describes the history of the corporation, and details the actions that Debtor took regarding Amendments to filings with the Florida Department of State to first remove ELIZABETH DALY as the President of the corporation in December, 2016, and then to remove PATRICK DALY as Vice President of the corporation in June, 2017. A copy of the Action by Written Consent of a Majority of Owners/Shareholders of All Paving, Inc. dated June 29, 2017, is attached hereto as Exhibit "5".

16. Debtor has claimed that ELIZABETH DALY "did not work at the business and never held an ownership interest in API". (Paragraph 5 of Debtor's Opposition to Motion to Dismiss Chapter 11 Case [D.E. 58]). Debtor's statements in this regard are false, and are refuted and overcome by Exhibits "3" and "4" to this Adversary Complaint, and Exhibit 7 attached to the Second Amended Complaint (Exhibit 10 to this Complaint).

17. Both Articles of Amendment filed by Debtor with the Florida Department of State in 2016 and 2017 violated Florida Statutes Sections 607.1006(5) and 607.0120(6)(b) because DAREN C. DALY misrepresented that shareholder or director approval was not required, and said filed Articles were unauthorized. Same operates as a fraud against Plaintiffs and the Florida Department of State based on misrepresentations made by the Defendant.

5

18. Defendant's Sworn Testimony of September 15, 2020, regarding the opening of All Paving, Inc.'s first bank account and execution of a corporate resolution, and beneficial ownership certification on September 18, 2015 is attached to this Adversary Complaint as Exhibit "7", and is incorporated by reference.

19. Defendant's testimony on September 14-16, 2020 at trial admitting to his forgeries of signatures of Patrick Daly and Elizabeth Daly including on credit application s which state that Elizabeth Daly is the owner of ALL PAVING, INC. is attached to this Adversary Complaint as Exhibit "8", and is incorporated by reference.

20. Defendant's Sworn Testimony of September 15, 2020, Trial Testimony, admitting he hand wrote a credit application dated September 20, 2015 to CA Financial reflecting that ELIZABETH DALY is the 75% owner and PATRICK DALY is the 12.5% owner of ALL PAVING, INC., is attached hereto as Exhibit "9", and is incorporated by reference.

21. Debtor has made the affirmative statement that his fiancé, Jamie Schindler, was originally the owner of 80% of the stock of ALL PAVING, INC., and that in 2016, Jamie Schindler transferred her 80% interest in ALL PAVING, INC to Defendant. There is no documentation, share certificates, Stock transfer ledgers or other proof that Jamie Schindler was ever a shareholder of ALL PAVING, INC., and this assertion is completely contrary to Exhibits "3" and "4' to this Adversary Complaint and the Exhibit "7" Corporate Resolution, signed by the Defendant, attached to the Second Amended Complaint (Exhibit "10"), and is not only a fraud on this Court, but works a fraud upon the interests of Plaintiffs based upon their 87.5% ownership interests in ALL PAVING, INC.

22.     Debtor concocted a plan to take away control and to prevent Plaintiffs from having access to the website "AllPaving.com", which website had been previously used by both ALL PAVING & SEALCOATING, LLC, and by ALL PAVING, INC.  That domain name had been purchased and paid for by ALL PAVING & SEALCOATING, LLC, an entity in which Debtor had no ownership interest whatsoever.  (See paragraphs 24 through 29 of the Second Amended Complaint attached hereto as Exhibit "10".

23.     DAREN C. DALY purported to act as an Officer and as Director of ALL PAVING, INC. on the Corporate Resolution provided to Bank United. (Exhibit "7" to Second Amended Complaint attached hereto as Exhibit "10".)   The allegations set forth in the Plaintiffs' Second Amended Complaint, which is attached hereto as Exhibit "10, are incorporated by reference as if fully set forth herein."

## COUNT I
### MONEY PROPERTY AND SERVICES OBTAINED BY FALSE PRETENSES, A FALSE REPRESENTATION OR ACTUAL FRAUD PURSUANT TO 11 U.S.C. § 523 (a)(2)(A)

24.     Plaintiffs reallege and incorporate by reference the allegations set forth at paragraphs 1 through 21 of this Adversary Complaint as if fully set forth herein.

25.     Debtor has fraudulently represented to this Court, the 17th Judicial Circuit Court in and for Broward County, Florida, and to the Plaintiffs, by false pretenses, or actual fraud, that he is the 100% shareholder and sole owner of ALL PAVING, INC.  Defendant/Debtor made these fraudulent statements with full knowledge of the falsity thereof, with the intention that this Court, and the 17th Judicial Circuit Court rely upon these false statements, resulting in damage to the Plaintiffs.

26. Due to Debtor/Defendant's false and fraudulent claim that he is the sole owner and the owner of 100% of the shares of stock of ALL PAVING, INC., in contravention to the evidence presented by the Plaintiffs, it is clear that the Defendant violated §523 (a)(2)(A) of the United States Bankruptcy Code, and that Plaintiffs should be granted an Exception to the Debtor's Discharge.

27. As a result of Defendant obtaining money and property by false pretenses, a false representation or actual fraud, including Defendant's admissions to forgeries of PATRICK DALY'S and ELIZABETH DALY's signatures, which he made in his sworn testimony in Exhibit "8", further support the fact that Defendant obtained money and property by false pretenses, a false representation or actual fraud such that an exception to Discharge should be granted to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court find that Debtor, DAREN C. DALY, obtained money and property by false pretenses, a false representation or actual fraud, and grant Plaintiffs an Exception to Discharge.

## **COUNT II**

### **FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY OR EMBEZZLEMENT PURSUANT TO 11 U.S.C. § 523 (a)(4)**

28. Plaintiffs reallege and incorporate by reference the allegations set forth at paragraphs 1 through 21 of this Adversary Complaint, as if fully set forth herein.

29. Debtor was initially listed as a Vice-President and Director of ALL PAVING, INC., and accordingly, had fiduciary duties to the other shareholders of the corporation and the corporation ALL PAVING, INC.

30. Debtor/Defendant breached those fiduciary duties to the true owners of ALL PAVING, INC. by fraudulently representing that he is the sole shareholder, the 100% owner and the sole officer of ALL PAVING, INC., to this court, and the Florida Department of State.

31. Debtor/Defendant, without authorization from the 87.5 % owners of the corporation, embezzled the sum of $500,000.00 from the account of ALL PAVING, INC. on Insert date.  Although Debtor/Defendant did reimburse the sum of $450,000.00 to the corporation, the Debtor/Defendant failed to reimburse the sum of $50,000.00 to ALL PAVING, INC.

32. Defendant misappropriated and embezzled the following funds and assets from ALL PAVING, INC.:

Defendant has been misappropriating funds from the bank accounts of ALL PAVING INC. well into the seven figures as discussed above and below.  The following is only a partial list of DAREN's misappropriations:

a. On June 9, 2017, DAREN withdrew $175,000.00 from ALL PAVING INC. through a wire transfer to his personal bank account.  While QuickBooks reflects a $175,000.00 "Wire Transfer Outgoing" on that date, the payee name was left blank demonstrating an intent to conceal.  This transfer to DAREN was discovered through a subpoena to SunTrust Bank.

b. During 2017, QuickBooks reflects an additional $443,516.16 was paid to DAREN, $370,750.00 of which was characterized as "Contractors/Consulting."

c. During 2018, QuickBooks reflects an additional $146,600.00 was paid to DAREN, $145,000.00 of which was for "Indemnification of Legal Fees."

9

      d      During 2019, DAREN paid himself an exorbitant annual salary in the amount of $248,587.50.

      e      DAREN pays himself an exorbitant salary and distributions in addition to the foregoing, all of which are without the authorization of majority owners PATRICK and ELIZABETH.

33.    In addition to the misappropriation and embezzlement from the financial accounts of ALL PAVING, INC., Defendant has converted the following assets of the corporation under his dominion and control, to the damage of Plaintiffs:

34.    Additionally, DAREN has wrongful possession of equipment titled in the name of ALL PAVING INC. including, without limitation:

    a.    2015 Flatbed Trailer

    b.    50 Ton - Lowboy Gooseneck Trailer

    c.    Milling Head - CAT WT903

    d.    2017 Bomag Vibratory Tandem Roller

    e.    2017 BigTex 14TL-20

    f.    2017 Bomag Roller BW120SL-5

    g.    Seal Coat Tank

    h.    2017 F-550 SD XLT & Babco Gooseneck Fifth Wheel

    i.    2017 Ford Super Duty

    j.    2018 Kenworth T880

    k.    2015 LeeBoy L Paver

    l     .2014 LeeBoy Tackwagon

    m.    2012 Caterpillar 242B Skid Steer

    n.    2016 Isuzu NQR

    o.    Mini Excavator

    p.    Sealcoat Truck

    q.      2017 HINO

    r.      CAT Skid Steer Loader

    s.      Milling Machine – Wirtgen

35.    As a result of the fraud and misrepresentations of the Defendant as a fiduciary of ALL PAVING, INC., the Defendant has embezzled and misappropriated the assets of the corporation, to the damage of the Plaintiffs, such that an exception to the Discharge of Defendant should granted in favor of the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court find that Debtor, DAREN C. DALY, engaged in fraud or defalcation while serving in a fiduciary capacity to ALL PAVING, INC., and embezzled funds from the bank accounts and misappropriated the assets of ALL PAVING, INC., and accordingly grant the Plaintiffs an Exception to the Debtor's Discharge.

## COUNT III

### FOR WILLFUL AND MALICIOUS INJURY BY THE DEBTOR TO ANOTHER ENTITY OR PROPERTY OF ANOTHER ENTITY PURSUANT TO 11 U.S.C § 523 (a)(6)

36.    Plaintiffs reallege and incorporate by reference the allegations set forth at paragraphs 1 through 24 of this Adversary Complaint as if fully set forth herein.

37.    Defendant has willfully and maliciously represented to this Court, and to the Plaintiffs that he is the sole owner and owner of 100% of the shares of stock of the Florida corporation, ALL PAVING, INC.

38.    Defendant's willful and fraudulent statements of fact that he is the sole owner and 100% shareholder of ALL PAVING, INC. were made with Defendant's full knowledge of the falsity of those statements, with the intention that the Court rely on those fraudulent statements, to provide the Debtor with a Subchapter V Discharge.

39. Defendant's statements that his fiancé, Jamie Schindler, was initially the President and the 80% shareholder of ALL PAVING, INC. and that Jamie Schindler allegedly transferred and assigned her 80% of shares to Defendant is false and fraudulent, and the Defendant has full knowledge that said fraudulent misrepresentation was intended to deceive this Court regarding the actual; ownership of ALL PAVING, INC.

40. Defendant's fraudulent representations to this Court and to the Plaintiffs regarding his alleged ownership of ALL PAVING, INC. and his usurpation and theft of the domain name AllPaving.com were intended by the Debtor to willfully and maliciously cause injury to another entity, ALL PAVING & SEALCOATING, LLC, or the property of said entity.

41. In March 2017, DAREN illegally and without authorization gained access to PATRICK DALY's GoDaddy account (GoDaddy is an internet domain name registrar) in which the AllPaving.com Domain Name was registered (which Domain Name was used by Plaintiffs for their website and email addresses). From March 2017 to present, DAREN has misappropriated the AllPaving.com Domain Name, the AllPaving.com website, and all email of AllPaving.com. DAREN has also locked PATRICK out of his GoDaddy account, and DAREN has fraudulently changed the Registrant Name of the AllPaving.com Domain Name. DAREN has been intercepting all email coming into said Domain Name and has gained access to and has been using to his benefit and to the detriment of Plaintiffs their previously stored emails, and new AllPaving.com email, including emails directed to Plaintiffs from their customers, vendors, etc. The emails intercepted by Defendant include emails intended for PATRICK and ELIZABETH DALY (Patrick@AllPaving.com and Elizabeth@AllPaving.com), as well as emails intended for Plaintiffs' several employees.

42. After Defendant seized control of PATRICK's GoDaddy account, PATRICK and ELIZABETH DALY attempted to move the AllPaving.com Domain Name to a new account; however, Defendant blocked that effort and seized control of the AllPaving.com Domain Name by falsely stating to GoDaddy in an email that a mistake was made. The email chain reflects that GoDaddy advised Defendant as follows: "the right to control a domain name is determined by the individual or entity listed as registrant, not by who pays for the registration, or by which account the domain name(s) is located in. A registrant is the person/company that has the legal rights and responsibilities of/to the domain name for the period of time the person/company as it registered. Since there was a company listed, the company takes precedence over any individual that might have been listed." Thereafter, Defendant ultimately convinced GoDaddy to move the AllPaving.com Domain Name back to the original GoDaddy account number 49951435 (which he previously seized control of without Patrick's authorization), by transmitting to GoDaddy the Domain Name Purchase Agreement, which Defendant fraudulently altered by changing the Purchaser Company Name from "All Paving and Sealcoating" (which can only refer to All Paving LLC since the word "Sealcoating" is only in All Paving LLC's name, to "All Paving Inc.") The proof of the alteration is shown by metadata in the Domain Name Purchase Agreement PDF file Daren transmitted to GoDaddy on March 17, 2017, which reflects it was created on March 17, 2017, even though the Domain Name Purchase Agreement was executed in 2014. However, the Microsoft Word document located on the company computer shows metadata dated February 20, 2014, consistent with the time period when the Domain Name Purchase Agreement was executed, and reflects that the company which purchased the AllPaving.com Domain Name was "All Paving and Sealcoating" i.e., ALL PAVING LLC, not ALL PAVING INC. Furthermore, ALL PAVING INC. was not even operating in 2014 when the AllPaving.com Domain Name was purchased (ALL

PAVING INC. first began operations in late 2015). The AllPaving.com Domain Name was used by All Paving LLC for its email and website until Defendant seized control of the Domain Name in 2017, which has caused a major disruption in the business of all Plaintiffs.

43. The misappropriation of the AllPaving.com domain name constitutes a willful and malicious injury by the Debtor/Defendant to another entity. or property of another entity pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiffs respectfully request that this Court find that Defendant, DAREN C. DALY, caused willful and malicious injury to another entity, ALL PAVING & SEALCOATING, LLC, or the property of said entity, and accordingly grant the Plaintiffs an Exception to the Discharge of Defendant, DAREN C. DALY.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October ___, 2022, I electronically filed the following document with the Clerk using CM/ECF and that a true and correct copy of the Adversary Complaint was furnished via CM/ECF to Monique D. Hayes, Esq., monique@dgimlaw.com , and Isaac M. Marcushamer, Esq. isaac@dgimlaw.com  both with DGIM LAW, PLLC.

> C. DAVID TANGORA, P.A.
> Attorney for Creditors,
> Patrick & Elizabeth Daly
> 200 S.E. 18th Court
> Ft. Lauderdale, FL 33316
> (954) 779-1005-Phone
> (954) 764-4502-Facsimile
> tangoralaw@bellsouth.net
>
> By:  //s// C. David Tangora
>     C. David Tangora, Esquire
>     Florida Bar No: 522104