UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In Re:

DAREN C. DALY,                                              Case No: 22-15694-SMG

    Debtor.                                                      Chapter 11 (Sub V)

_____

PATRICK DALY, ELIZABETH DALY,
ALL PAVING & SEALCOATING, LLC, and
PATRICK DALY AND ELIZABETH DALY
AS THE MAJORITY SHAREHOLDERS
OF API                                                              ADV. No: 22-01391-SMG
    Plaintiffs


vs.

DAREN C. DALY.

    Defendant.

_____/

### AMENDED ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE

    Plaintiffs, PATRICK DALY ("PATRICK"), ELIZABETH DALY ("ELIZABETH"), ALL PAVING & SEALING COATING, LLC ("AP, LLC"), and PATRICK DALY and ELIZABETH DALY AS THE MAJORITY SHAREHOLDERS OF ALL PAVING, INC. ("API"), by and through their undersigned counsel, hereby file their Amended Adversary Complaint and Proceeding for Exception to Discharge against Debtor/Defendant, DAREN C. DALY ("DAREN"), and allege as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    The Plaintiffs sue the Defendant in this Amended Adversary Complaint for Exception to Discharge ("Amended Adversary Complaint") to seek an exception to Discharge against the Debtor,/Defendant pursuant to 11 U.S.C. §523(a)(2)(A):  "(2) for money, property,

1

services or an extension, renewal or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or insider's financial condition"; pursuant to 11 U.S.C. § 523 (a)(4) "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny"; and pursuant to 11 U.S.C. § 523(a)(6) "for willful or malicious injury by the Debtor to another entity or to the property of another entity."

2. On July 26, 2022, (the "Petition Date") Debtor DAREN. commenced the above captioned Bankruptcy case by filing a voluntary petition for relief under Chapter 11, Subchapter V, of the United States Bankruptcy Code, 11 U.S.C. § 1181 et. seq. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 101 et. seq. (the "Bankruptcy Code:"), Rule 7001 et. seq. Federal Rules of Bankruptcy Procedure ("FRBP"), and Rule 7003-1 of the Local Rules of the United States Bankruptcy Court, Southern District of Florida.

3. Debtor/Defendant is an individual who resides in Broward County, Florida, in the Southern District of Florida.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C §§ 151, 157 and 1334 (b). Venue is proper pursuant to 28 U.S.C. §1409.

5. This is a core proceeding for which the Bankruptcy Court is authorized to determine all issues and matters regarding this case in accordance with 28 U.S.C. § 157 (b)(2)(A)(I)(J) and (O).

**FACTS APPLICABLE TO ALL COUNTS**

6. The Debtor/Defendant has consistently and uniformly claimed that he is the one hundred percent owner and shareholder of the Florida corporation, ALL PAVING, INC ("API").

This statement is patently false, is contrary to and violative of Creditors' claims as alleged in this Amended Adversary Complaint, and the two Orders entered by the 17th Judicial Circuit Court in the 2017 case and the 2018 case between the parties (Exhibits 1 and 2 attached hereto), and is a direct and intentional misrepresentation

7.  The Debtor's characterization as the having 100% ownership interest in API is intentionally false and violative of the facts alleged in this Amended Adversary Complaint, the 17th Judicial Circuit Court Order in the 2017 case attached to this Motion as Exhibit "1", issued in the case of *API All Paving & Sealcoating, LLC, Patrick Daly and Elizabeth Daly vs. Daren C. Daly and Jamie A. Schindler*, Case No: CACE 17-014794 (09). Said Circuit Court Order, dated September 29. 2021, ruled that "All pleadings filed by counsel for the Defendants and counsel for Plaintiffs are dismissed without prejudice as to API only, because majority ownership of that entity has not yet been adjudicated."

8.  Debtor is further involved in the 2018 case which Debtor/Defendant filed as Plaintiff styled *All Paving, Inc, vs. All Paving & Sealcoating, LLC., Patrick Daly, Elizabeth Daly, and Robert Holland*, filed as Case No: CACE 18-021093 (09).

9.  A copy of the Agreed Order on Third Party Defendant's Motion to Dismiss Third Party Complaint and Staying this Case Pending Adjudication of Majority Ownership of API in the in 2017 Case, dated December 6, 2021, is attached to this Motion as Exhibit "2". Said Agreed Order provided that: "In recognition that this Court entered an Order on September 29, 2021 in Case No. CACE 17-014794 (09) ("2017 Case"), which ruled that claims filed on behalf of API may not proceed until majority ownership of that entity has been adjudicated, this entire 2018 Case, including all pleadings filed herein by all parties, is hereby stayed without prejudice, pending

resolution of the 2017 Case including an adjudication of majority ownership of API, or pending further order of court."

10. In that the ownership of the entity API has yet to be determined by the Broward Circuit Court in the inter-related cases, which is pending resolution of the 2017 Case including an adjudication of majority ownership of API, Debtor DAREN cannot validly make the conclusory statement to the Bankruptcy Court that he is the 100% owner and director of API Debtor's statement to this Court that he is the sole shareholder and the owner of 100% of API is an intentional misrepresentation made to this Court.

11. PATRICK (12.5%) and ELIZABETH (75%) assert a claim contrary to Debtor's claim of 100% ownership of API; and allege that combined they own and hold 87.5% of the shares of API and are currently the sole directors on the Board of Directors for API, contrary to Debtor's claim of 100% ownership of API.

12. The Florida corporation, API was first formed in 2013 but did not commence business operations until 2015, and its formation and startup costs were completely funded by AP, LLC, which reimbursed DAREN by credit card for all the expenses involved in the formation and renewals of API., and PATRICK, who signed the initial Personal Guaranties for the equipment and materials purchased by the corporation, and collateralized the Surety Bond required to bid and contract for the Bay Colony Project.

13. API was formed to create a separate entity from AP, LLC, of which Robert Holland was a member holding a 15% interest in the LLC. A conflict had occurred between Robert Holland and DAREN, so that the separate entity could be used so that any sales obtained by DAREN could not be claimed for compensation by Robert Holland and AP, LLC.

14. The Electronic Articles of Incorporation for API were filed with the Florida Department of State on September 19, 2013. (See Exhibit 1 to the Second Amended Complaint attached hereto as Exhibit 10.)

15. Although the Electronic Articles of Incorporation (Exhibit 1 to Exhibit 10) were prepared and filed by Joseph Farendorf, then a recently admitted attorney and an employee of AP, LLC, who planned to start a law firm with DAREN (See Exhibit 2 to Exhibit 10), DAREN instructed Joseph Farendorf to list DAREN as the Registered Agent and the Incorporator, and list as the initial officers Jamie A. Schindler, President, DAREN as VP and PATRICK as VP. The formation of API was done with the knowledge and consent of PATRICK and ELIZABETH, although PATRICK and ELIZABETH were not aware of the persons named as incorporator, registered agent and officers listed on the Articles of Incorporation. At all times, notwithstanding the individuals designated on the Articles of Incorporation for API, Joseph Farendorf understood that PATRICK and ELIZABETH were the owners of API. (See Exhibit 2 to Exhibit 10 of the Second Amended Complaint).

16. After API started on the Bay Colony Project in August, 2015, (See Exhibit 13 to the Second Amended Complaint attached as Exhibit 10), on September 18, 2015, API opened a bank account at BankUnited, and ELIZABETH executed a Beneficial Ownership Certificate to the bank under penalty of perjury, stating that ELIZABETH is the 75% owner of API, PATRICK is the 12.5% owner of API and DAREN is the 12.5% owner of the corporation, API. The Beneficial Ownership Certificate signed by Elizabeth Daly as the President of the corporation provided to BankUnited was executed in the presence of, and with the approval of DAREN, and was with the approval of PATRICK. A copy of the Beneficial Ownership Certificate provided to Bank United is attached to this Amended Adversary Complaint as Exhibit "3".

5

17. Also on September 18, 2015, API provided a Corporate Resolution to Bank United signed by DAREN, PATRICK and ELIZABETH. (Exhibit 7 to Exhibit 10).

18 The Corporate Resolution of API lists ELIZABETH as President, DAREN as Vice President, and PATRICK as Vice President, and is signed by DAREN. Nowhere on Exhibit 7 to Exhibit 10 is Jamie A. Schindler listed as an officer of API.

19. On September 20, 2015, Debtor, in his own handwriting, filled out a Credit Application to CAT Financial, stating that ELIZABETH is the 75% owner, and PATRICK is the 12.5% owner of API. A copy of said Credit Application is attached to this Amended Adversary Complaint as Exhibit "4". DAREN's sworn testimony on this Exhibit is attached hereto as Exhibit "7", to this Amended Adversary Complaint, which is incorporated by reference.

20. An Action by Written Consent of a Majority of Owners/Shareholders of API describes the history of the corporation, and details the actions that DAREN took regarding Amendments to filings he presented to the Florida Department of State to first remove ELIZABETH DALY as the President of the corporation in December, 2016, and then to remove PATRICK DALY as Vice President of the corporation in June, 2017; all without proper corporate authority. A copy of the Action by Written Consent of a Majority of Owners/Shareholders of API dated June 29, 2017, is attached hereto as Exhibit "5".

21. DAREN has claimed that ELIZABETH "did not work at the business and never held an ownership interest in API". (Paragraph 5 of Debtor's Opposition to Motion to Dismiss Chapter 11 Case [D.E. 58]). DAREN's statements in this regard are false, and are contradicted, refuted and overcome by Exhibits "3" and "4" to this Adversary Complaint, and Exhibit 7 attached

6

to the Second Amended Complaint, as well as Exhibits 11, 13, 14, 15, 16, and 17 to Exhibit 10 to this Amended Adversary Complaint, filed in the 2017 Circuit Court Case.

22. DAREN filed Articles of Amendment with the Florida Department of State in 2016 and 2017. (See Exhibits 18 and 23 attached to the Second Amended Complaint attached hereto as Exhibit 10.)

23. Both Articles of Amendment filed by Debtor with the Florida Department of State in 2016 and 2017 violated Florida Statutes Sections 607.1006(5) and 607.0120(6)(b) because DAREN as incorporator misrepresented to the Florida Department of State that shareholder or director approval was not required, such that both filed Articles of Amendment were unauthorized.

24. An incorporator has no further authority under Florida Corporation law, once a Board of Directors are established and Officers are appointed, which took place no later than September, 2015, per the Corporate Resolution given to Bank United.

25. The Articles of Amendment filed by DAREN, were intentionally filed by DAREN, and operate as a fraud on PATRICK and ELIZABETH, and the Florida Department of State based on misrepresentations made by the DAREN on the Articles of Amendment, that the Amendments were authorized and issued with corporate authority.

26. Defendant's Sworn Testimony of September 15, 2020, regarding the opening of API's first bank account and execution of a Corporate Resolution, and Beneficial Ownership Certification on September 18, 2015, is attached to this Adversary Complaint as Exhibit "7", and is incorporated by reference.

27. DAREN's testimony on September 14-16, 2020 at trial, admitting to his forgeries of the signatures of PATRICK and ELIZABETH, including on credit applications which state that

ELIZABETH is the owner of API is attached to this Amended Adversary Complaint as Exhibit "8", and is incorporated by reference. DAREN admitted that he made the forged signature of his mother, believed that creditor CA would rely on the forgeries, and intended that CA act on the forged documents to issue credit to API.

28. DAREN made the affirmative statement that his fiancé, Jamie Schindler, was originally the owner of 80% of the stock of API, and that in 2016, Jamie Schindler transferred her 80% interest in ALL PAVING, INC to Defendant. The only documentation, share certificates, Stock transfer ledgers or other proof that Jamie Schindler was ever a shareholder of API, was fabricated, contrived and backdated. This assertion is completely contrary to Exhibits "3" and "4' to this Adversary Complaint and the Exhibit "7" Corporate Resolution, signed by the Defendant, attached to the Second Amended Complaint (Exhibit "10"), and is part of a fraudulent scheme to convert the assets of API to his own use and control, and works a fraud upon the interests of Plaintiffs based upon their 87.5% ownership interests in API.

29. As further proof of DAREN's misrepresentations as to corporate ownership of API, see the CNA Surety Application, as a part of Exhibit 20, attached to the Second Amended Complaint, reflecting that ELIZABETH owned 32.5% of percentage of corporate ownership, and that PATRICK owned 32.5% of API. See also Exhibit 21 attached to the Second Amended Complaint, stating that PATRICK and DAREN each owned 50% of API on 2/14/17.

30. In the summer of 2019, two years after the 2017 state court proceeding was filed and while it was being heavily litigated, Debtor fabricated phony stock certificates and a stock transfer ledger, which he backdated to 2013, purporting to reflect Debtor as the 100% owner of API. Debtor has intentionally relied upon these false and fraudulent documents, as well as additional false and fraudulent documents including those filed with the Florida Department of

State and other governmental agencies, in a fraudulent effort to establish 100% ownership of API when in truth he only owns 12.5% of that entity.

31. DAREN has purported to obtain PATRICK and ELIZABETH's 87.5% ownership of API through false pretenses, false representations, and actual fraud in violation of 11 U.S.C. § 523(a)(2)(A) by engaging in a fraudulent conveyance scheme to gain control and the purported 100% ownership of API, including through phony stock certificates he fabricated in 2019 and backdated to 2013 which purport to reflect Debtor as the 100% shareholder and sole owner of API, when the legitimate documentation includes those submitted to Bank United, CAT Financial, Sureties, and Equipment Suppliers, which show that ELIZABETH is the 75% owner, PATRICK is the 12.5% owner, and DAREN is the 12.5% owner of API.  DAREN engaged in said fraudulent scheme including said false pretenses, fraudulent representations, actual fraud, including the fraudulent conveyance of 100% ownership of API to himself, with full knowledge of the falsity thereof.

32. Debtor concocted a plan to take away control and to prevent Plaintiffs from having access to the website "AllPaving.com", which website had been previously used by both AP, LLC, and by API.  That domain name was purchased by AP, LLC, an entity in which Debtor had no ownership interest whatsoever.  (See paragraphs 24 through 29 of the Second Amended Complaint attached hereto as Exhibit "10". )

33. DAREN broke into or pirated PATRICK's email address, masqueraded as PATRICK when he sent an email to GoDaddy containing false information that GoDaddy relied upon, based on DAREN's false email to change access to the domain name to DAREN, and deny PATRICK and ELIZABETH access to their emails connected to the Domain name.

34. At all times material hereto, DAREN has acted as an Officer and as Director of API, and in September, 2015, on the Corporate Resolution provided to Bank United. (Exhibit "7" to Second Amended Complaint attached hereto as Exhibit "10".), and as such has acted as a fiduciary to API and to PATRICK and ELIZABETH.

## COUNT I
### MONEY PROPERTY AND SERVICES OBTAINED BY FALSE PRETENSES, A FALSE REPRESENTATION OR ACTUAL FRAUD PURSUANT TO 11 U.S.C. § 523 (a)(2)(A)

35. Plaintiffs reallege and incorporate by reference the allegations set forth at paragraphs 1 through 34 of this Amended Adversary Complaint as if fully set forth herein.

36. Debtor has fraudulently represented to the 17th Judicial Circuit Court in and for Broward County, Florida, the Florida Department of State, and to the Plaintiffs, by actual fraud in a fraudulent conveyance hscheme to gain control of API, by false pretenses, and actual fraud, that he is the 100% shareholder and sole owner of API, when all documentation submitted to Bank United, CAT, Equipment Suppliers in 2015, and numerous Exhibits indicate the contrary. DAREN made these fraudulent statements with full knowledge of the falsity thereof

37. In *Husky International Electronics, Inc v. Ritz,* 578 U.S.356; 136 S.Ct. 1581 (2016), the United States Supreme Court held that: "[t]he term "actual fraud" in §523 (a)(2)(A) encompasses fraudulent conveyance schemes that can be effected without a false representation."

38. DAREN's scheme to wrest control, and convert API and its assets from the rightful owners for his own use and enjoyment is a fraudulent conveyance scheme..

39. DAREN's fraudulent conveyance scheme stating that he is the sole owner and the owner of 100% of the shares of stock of API, and gaining control of API by means of a

fraudulent conveyance scheme is directly contradicted by the evidence presented by PATRICK and ELIZABETH, such that it is clear that DAREN committed a violation of §523 (a)(1)(A), and that Plaintiffs should be granted an Exception to his Chapter 11, Subchapter V Discharge.

40. As a result of DAREN's obtaining control of API, its bank accounts and its assets, his denying PATRICK and ELIZABETH'S access to their email accounts, and obtaining money and property by false pretenses, false representations or an actual fraudulent scheme, an Exception to DAREN's Discharge should be granted to Plaintiffs.

41. DAREN's admission to the forgeries of PATRICK's and ELIABETH's signatures, which he made in his sworn testimony in Exhibit "8", further support DAREN's lack of character, and willingness to exercise whatever means necessary to achieve his objectives, including a fraudulent conveyance scheme against his parents.

WHEREFORE, Plaintiffs respectfully request that this Court find that Debtor, DAREN C. DALY, obtained money and property by an actual fraudulent conveyance scheme, by false pretenses, false representation, and actual fraud, and grant Plaintiffs an Exception to DAREN's Chapter 11, Subchapter V Discharge.

## COUNT II

### FOR FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY OR EMBEZZLEMENT PURSUANT TO 11 U.S.C. § 523 (a)(4)

42. Plaintiffs reallege and incorporate by reference the allegations set forth at paragraphs 1 through 34 of this Adversary Complaint, as if fully set forth herein.

43. Pursuant to Florida Law, a director and an officer of a Florida corporation owes a fiduciary duty to the corporation and shareholders and must act in good faith and in the best

interest of the corporation. *Cohen v. Hattaway*, 595 So. 2d 195 (Fla. 5th DCA 1992). Florida corporate law recognizes two fundamental fiduciary duties for corporate officers and directors; the duty of care and the duty of loyalty. *Taubenfikd v. Laska*, 324 So. 3d 529, 538 (Fla 4th DCA 2012). See also, §§607.0830; 607.832, and 607.08411, Florida Statutes (2021).

44. DAREN was initially listed as a Vice-President and as a Director of API in documents provided to Bank United, CAT Financial, and others, in 2015, and accordingly, had fiduciary duties to the other shareholders of the corporation and to the corporation API.

45. Debtor/Defendant breached those fiduciary duties to the true owners of API by fraudulently representing that he is the sole shareholder, the 100% owner and the sole officer of API, to this court, and the Florida Department of State, and engaging a fraudulent conveyance scheme to take control of API and its assets.

46. DAREN, without authorization from the 87.5 % owners of the corporation, embezzled the sum of $500,000.00 from the account of API on December 16, 2016. See Exhibit 19 attached to the Second Amended Complaint attached to this Amended Adversary Complaint as Exhibit "10". Although Debtor/Defendant did reimburse the sum of $450,000.00 to the corporation, the Debtor/Defendant failed to reimburse the sum of $50,000.00 to API.

47. In addition to the $500,000.00 wire to himself on December 16, 2016, DAREN misappropriated and embezzled the following funds and assets from ALL PAVING, INC.:

a. On June 9, 2017, DAREN withdrew $175,000.00 from ALL PAVING INC. through a wire transfer to his personal bank account. While QuickBooks reflects a $175,000.00 "Wire Transfer Outgoing" on that date, the payee's name was left blank demonstrating an intent to conceal. This transfer to DAREN was discovered through a subpoena to SunTrust Bank.

b. During 2017, QuickBooks reflects an additional $443,516.16 was paid to DAREN, $370,750.00 of which was characterized as "Contractors/Consulting."

c. During 2018, QuickBooks reflects an additional $146,600.00 was paid to DAREN; $145,000.00 of which was for "Indemnification of Legal Fees."

d. During 2019, DAREN paid himself an exorbitant annual salary in the amount of $248,587.50.

e. DAREN pays himself an exorbitant salary and distributions through 2022 through API, in addition to the foregoing, all of which is without the authorization of majority owners PATRICK and ELIZABETH.

48. In addition to the misappropriation and embezzlement from the financial accounts of API, Defendant has converted the following assets of API under his possession, dominion and control, to the damage of Plaintiffs:

a. 2015 Flatbed Trailer

b. 50 Ton - Lowboy Gooseneck Trailer

c. Milling Head - CAT WT903

d. 2017 Bomag Vibratory Tandem Roller

e. 2017 BigTex 14TL-20

f. 2017 Bomag Roller BW120SL-5

g. Seal Coat Tank

h. 2017 F-550 SD XLT & Babco Gooseneck Fifth Wheel

i. 2017 Ford Super Duty

j. 2018 Kenworth T880

k. 2015 LeeBoy L Paver

l .2014 LeeBoy Tackwagon

m. 2012 Caterpillar 242B Skid Steer

      n.      2016 Isuzu NQR

      o.      Mini Excavator

      p.      Sealcoat Truck

      q.      2017 HINO

      r.      CAT Skid Steer Loader

      s.      Milling Machine – Wirtgen

49. As a result of the fraud and misrepresentations of the DAREN and his breach of his duty to act in good faith to API, DAREN has s embezzled and misappropriated the assets of the corporation, to the damage of the Plaintiffs, such that an exception to the Discharge of DAREN should be granted in favor of the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court find that Debtor, DAREN C. DALY, engaged in fraud or defalcation while serving in a fiduciary capacity to API, and embezzled funds from the bank accounts of API, and accordingly grant the Plaintiffs an Exception to the Debtor's Discharge.

## COUNT III

### FOR WILLFUL AND MALICIOUS INJURY BY THE DEBTOR TO ANOTHER ENTITY OR PROPERTY OF ANOTHER ENTITY PURSUANT TO 11 U.S.C § 523 (a)(6)

50. Plaintiffs reallege and incorporate by reference the allegations set forth at paragraphs 1 through 34 of this Adversary Complaint as if fully set forth herein.

51. Defendant has willfully and maliciously represented to this Court, and to the Plaintiffs that he is the sole owner and owner of 100% of the shares of stock of the Florida corporation, API, which were part of an actual fraudulent conveyance scheme.

52. Defendant's willful and fraudulent statements of fact that he is the sole owner and 100% shareholder of API were made with Defendant's full knowledge of the falsity of those

statements, with the intention that the Court rely on those fraudulent statements, to provide the DAREN with a Subchapter V Discharge.

53.     DAREN's actions in breaking into PATRICK's email to communicate to GoDaddy.com, and switch the control and access to the domain name Allpaving.com, to the exclusion of PATRICK and ELIZABETH and AP, LLC and shutting off PATRICK and ELIABETH access to their emails on the web site constitutes a willful and malicious injury by the Debtor to another entity or to the property of another entity.

54.     DAREN's statements that his fiancée, Jamie Schindler, was initially the President and the 80% shareholder of API and that Jamie Schindler allegedly transferred and assigned her 80% of shares to DAREN, is false and fraudulent and DAREN has full knowledge that said fraudulent misrepresentation was intended to deceive regarding the actual ownership of API.

55.     DAREN has willfully and maliciously converted the bank accounts, funds, equipment and machinery of API to his own dominion and control, to the damage of the entity API.

56.     Defendant's fraudulent representations to this Court and to the Plaintiffs regarding his alleged ownership of API, and his usurpation and theft of the domain name AllPaving.com were intended by the Debtor to willfully and maliciously cause injury to another entity, ALL PAVING & SEALCOATING, LLC, or the property of said entity.

WHEREFORE, Plaintiffs respectfully request that this Court find that Defendant, DAREN C. DALY, caused willful and malicious injury to another entity, ALL PAVING & SEALCOATING, LLC, or the property of said entity, and accordingly grant the Plaintiffs an Exception to the Discharge of Defendant, DAREN C. DALY.  In addition to the foregoing relief,

Plaintiffs respectfully request the Court to enter a Declaration that API is 87.5% owned by PATRICK and ELIZABETH DALY.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2022, I electronically filed the following document with the Clerk using CM/ECF and that a true and correct copy of the Adversary Complaint was furnished via CM/ECF to Monique D. Hayes, Esq., monique@dgimlaw.com , and Isaac M. Marcushamer, Esq. isaac@dgimlaw.com  both with DGIM LAW, PLLC.

> C. DAVID TANGORA, P.A.
> Attorney for Creditors,
> Patrick & Elizabeth Daly
> 200 S.E. 18th Court
> Ft. Lauderdale, FL 33316
> (954) 779-1005-Phone
> (954) 764-4502-Facsimile
> tangoralaw@bellsouth.net
>
> By: /s/ C. David Tangora, Esq.
> C. David Tangora, Esquire
> Florida Bar No: 522104