

**ORDERED in the Southern District of Florida on March 6, 2023.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

DAREN C. DALY,                                        Case No. 22-15694-SMG

    Debtor.                                              Chapter 11
_____/

PATRICK DALY, ELIZABETH DALY,
ALL PAVING AND SEALCOATING, LLC,
and PATRICK DALY AND ELIZABETH
DALY AS THE MAJORITY SHAREHOLDERS
OF ALL PAVING, INC.,

    Plaintiffs,

v.                                                    Adv. No. 22-1391-SMG

DAREN C. DALY,

    Defendant.
_____/

**ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS AMENDED
ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE FOR**

**FAILURE TO STATE A CLAIM OR ALTERNATIVELY FOR JUDGMENT ON THE PLEADINGS, SOLELY AS TO CORPORATE PLAINTIFFS**

As part of a larger dispute with their son Daren Daly (the debtor and defendant here), his parents (and plaintiffs here) Patrick and Elizabeth Daly – along with plaintiffs All Paving and Sealcoating, LLC, and Patrick and Elizabeth Daly as the (alleged) majority shareholders of All Paving, Inc. – have sought a determination that Daren's[1] alleged debts to them are excepted from any discharge he might receive in his bankruptcy case.[2] The larger dispute centers around ownership of All Paving, Inc., a Florida corporation. The Court has scheduled a multi-day trial beginning on April 10, 2023, to resolve (among other issues), who owns All Paving, Inc.; how much (if anything) Daren owes to the plaintiffs; and whether the plaintiffs' claims are dischargeable (the subject of this adversary proceeding).

In this adversary proceeding, the plaintiffs assert that debts allegedly owed to them by Daren are excepted from any discharge that he may be granted, under Bankruptcy Code sections 523(a)(2)(A),[3] 523(a)(4),[4] and 523(a)(6).[5] Daren disputes these allegations. As to his parents, Patrick and Elizabeth, Daren has answered their Amended Complaint and asserted affirmative defenses.[6] As to All Paving, Inc., and

---

[1] Because they share a common surname, the Court will refer to these individuals by their first names.
[2] *Am. Adversary Compl. for Exception to Discharge* (ECF No. 24) (the "Amended Complaint").
[3] Bankruptcy Code section 523(a)(2)(A) excepts from an individual debtor's discharge "any debt . . . for money, property, [or] services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).
[4] Bankruptcy Code section 523(a)(4) excepts from an individual debtor's discharge "any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).
[5] Bankruptcy Code section 523(a)(6) excepts from an individual debtor's discharge "any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).
[6] ECF No. 44.

All Paving and Sealcoating, LLC, however, he has moved to dismiss their Amended Complaint for failure to state a claim upon which relief may be granted and for lack of standing (and therefore lack of subject matter jurisdiction).[7] Alternatively, Daren seeks judgment on the pleadings.[8] For the reasons discussed below, the Court will grant in part and deny in part Daren's motion.

## I. MOTION FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c), made applicable here by Federal Rule of Bankruptcy Procedure 7012, governs judgments on the pleadings. The rule states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[9] The pleadings in this adversary proceeding have not closed, though, because Daren has not yet answered the Amended Complaint as to All Paving, Inc., and All Paving and Sealcoating, LLC.[10] Thus, Daren's motion for judgment on the pleadings is premature and must be denied.

## II. MOTION TO DISMISS

As for dismissal, Daren argues that because All Paving, Inc.'s ownership is disputed, his parents do not have standing to assert claims on its behalf. But even if

---

[7] *Mot. to Dismiss Am. Adversary Compl. for Exception to Discharge for Failure to State a Claim or Alternatively for J. on the Pleadings, Solely as to Corporate Pls.* (ECF No. 51) (the "Motion to Dismiss").
[8] *Id.*
[9] Fed. R. Civ. P. 12(c).
[10] *See Defndant's* [sic] *Answer and Affirmative Defenses to Pls.'s Am. Adversary Compl. for Exception to Discharge* (EFC No. 44), n.1 ("Defendant files this Answer and Affirmative Defenses in response only to the claims asserted by Patrick Daly and Elizabeth Daly in their individual capacity. By way of separate filing, the Defendant will address the claims asserted by Patrick Daly and Elizabeth Daly in their purported capacity as majority shareholders of All Paving, Inc. ("API") and the claims asserted by All Paving & Sealcoating, LLC.").

3

they did have standing, Daren argues that the Amended Complaint fails to state a claim by All Paving, Inc. upon which relief may be granted. Further, Daren argues that by asserting claims both individually and as purported majority shareholders of All Paving, Inc., Patrick and Elizabeth have effected a misjoinder of causes of action. And with respect to All Paving and Sealcoating, LLC, Daren argues that it fails to state a claim against him because it has not even alleged that it is a creditor.

To avoid dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6),[11] a complaint must state a claim for relief that is "plausible on its face."[12] The plaintiffs must plead sufficient facts – which the court must accept as true at this stage – to allow the court "to draw the reasonable inference" of a defendant's liability.[13] The court must determine, based on "judicial experience and common sense," whether the well-pleaded facts in the complaint present a plausible claim for relief.[14] If the allegations fail to "nudge" the claims "across the line from conceivable to plausible," the complaint must be dismissed.[15] Allegations containing only "'labels and conclusions' or 'a formalistic recitation of the elements of a cause of action,'"[16] and "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts,"[17] will not suffice. If the "well-

---

[11] Made applicable here by Federal Rule of Bankruptcy Procedure 7012.
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[13] *Id.* (citing *Twombly*, 550 U.S. at 555-56).
[14] *Id.* at 679.
[15] *Twombly*, 550 U.S. at 570.
[16] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).
[17] *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).

pleaded facts do not permit the court to infer more than the mere possibility" of liability, the complaint must be dismissed.[18]

The Court will address Daren's arguments for dismissal as to each of the three counts of the Amended Complaint in turn.

### A. Count I – 11 U.S.C. § 523(a)(2)(A)

Count I of the Amended Complaint seeks a determination that money, property, or services were obtained by Daren by false pretenses, a false representation, or actual fraud, and that therefore these debts are not dischargeable under 11 U.S.C. § 523(a)(2)(A). Basically – and this is the essence of the larger dispute between Daren and his parents – his parents contend that Daren engaged in a scheme to gain control of All Paving, Inc. by false pretenses and actual fraud. Again, while this is the crux of the dispute that the Court will determine at trial, for purposes of considering a motion to dismiss, the Court must accept the factual allegations as true to determine whether they state a claim.

Here, assuming Daren did engage in a fraudulent scheme to wrest control of All Paving, Inc. from his parents, the Amended Complaint contains no plausible allegations as to how *All Paving, Inc.* has a claim against Daren for this conduct. Based on the Amended Complaint's allegations, All Paving, Inc. is *the subject of the dispute*, but is not the person or entity who allegedly suffered damages as a result of Daren's conduct. The Amended Complaint fails to plausibly allege that All Paving, Inc. is an entity with a claim against Daren for a "debt . . . for money, property,

---

[18] *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

5

services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud."[19] Put another way, the Amended Complaint contains no plausible allegations that All Paving, Inc. was defrauded by Daren. The Amended Complaint therefore fails to state a claim by All Paving, Inc. under section 523(a)(2)(A), and Daren's Motion to Dismiss Count I as to All Paving, Inc. will be granted.

As to All Paving and Sealcoating, LLC, Count I contains no allegations whatsoever that Daren owes a debt to All Paving and Sealcoating, LLC, let alone that such debt was obtained by false pretenses, a false representation, or actual fraud. Accordingly, Daren's Motion to Dismiss Count I as to All Paving and Sealcoating, LLC will be granted as well.

    **B.    Count II - 11 U.S.C. § 523(a)(4)**

        1.    <u>Count II Fails to State Any Claim by All Paving and Sealcoating, LLC.</u>

Count II of the Amended Complaint originally sought a determination of non-dischargeability under 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, or embezzlement. In their Response,[20] however, the plaintiffs "receded" from any allegations of breach of fiduciary duty and instead only proceeded to argue that their Amended Complaint stated a claim for relief with respect to embezzlement.[21] Evaluating Count II by All Paving and Sealcoating, LLC only as to

---

[19] 11 U.S.C. § 523(a)(2)(A).
[20] *Resp. in Opp'n to Def.'s Mot. to Dismiss Adversary Compl. for Exception to Discahrge* [sic] *for Failure to State a Claim or Alternatively for J. on the Pleadings, Solely as to Corporate Pls.* (ECF No. 64) (the "Response").
[21] The Amended Complaint did not allege that Daren acted in a fiduciary capacity with respect to All Paving and Sealcoating, LLC. In fact, the Response tacitly admits that Count II does not state a claim by All Paving and Sealcoating, LLC. *Id.* at 10 (arguing that "[t]here is no question that Count II of the

6

embezzlement, then, there are simply no allegations that Daren owes any debt to this entity for embezzlement. The Motion to Dismiss Count II as to All Paving and Sealcoating, LLC is therefore well-taken and will be granted.

    2.  <u>Count II States a Claim for Embezzlement by All Paving, Inc.</u>

As to All Paving, Inc., however, Count II of the Amended Complaint does plausibly state a claim for exception to discharge for a debt for embezzlement. "Embezzlement is the 'fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.'"[22] Again, accepting the allegations as true for purposes of considering a motion to dismiss, the Amended Complaint plausibly alleges that Daren fraudulently appropriated property of All Paving, Inc. to which he had been entrusted. So, on its face, the Amended Complaint states a claim in Count II on behalf of All Paving, Inc.

But Daren also argues that All Paving, Inc. lacks standing to seek a determination of non-dischargeability (and that therefore the Court lacks subject matter jurisdiction), because All Paving, Inc. does not hold a claim against him, has not filed a proof of claim in this case, and is not scheduled as a creditor on his bankruptcy schedules. Daren also argues that because ownership (and control) of All Paving, Inc. is disputed and has not yet been determined, his parents may not bring

---

Amended Adversary Complaint states a cause of action in favor of Patrick and Elizabeth, and All Paving, Inc.," but making no similar argument as to All Paving and Sealcoating, LLC).

[22] *In re Kane*, 470 B.R. 902, 938 (Bankr. S.D. Fla. 2012), *aff'd sub nom. Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 485 B.R. 460 (S.D. Fla. 2013), *aff'd sub nom. In re Kane*, 755 F.3d 1285 (11th Cir. 2014) (quoting *NesSmith Elec. Co. v. Kelley (In re Kelley)*, 84 B.R. 225, 231 (Bankr. M.D. Fla. 1988) (quoting *Moore v. U.S.*, 160 U.S. 268, 269 (1895))).

7

a suit on All Paving, Inc.'s behalf until it is first determined who owns (and controls) All Paving, Inc.

Taking the second argument first, one of the major issues to be determined in this litigation is who owns All Paving, Inc.[23] At this point, the Court cannot make that determination (nor should it in ruling on a motion to dismiss). But under Federal Rule of Bankruptcy Procedure 4007(c), a complaint to determine dischargeability of a debt must be filed no later than 60 days after the first date set for the meeting of creditors under Bankruptcy Code section 341(a).[24] The deadline to file the complaint here was October 24, 2022, and this adversary proceeding was timely commenced. If it is determined that Patrick and Elizabeth had authority to assert a claim on behalf of All Paving, Inc., they have timely done so and preserved this claim for All Paving, Inc. If the Court dismisses the Amended Complaint as to All Paving, Inc. before ownership of All Paving, Inc. is determined, however, All Paving, Inc. would effectively be precluded from asserting these claims. The Court declines to do that. Because ownership (and control) of All Paving, Inc. has not yet been determined – but will be determined as part of this litigation – the Court will therefore not dismiss Count II as to All Paving, Inc. on this basis.

As for his argument that All Paving, Inc. fails to allege that it is a creditor with a claim that could be excepted from discharge, the Amended Complaint does plausibly allege that All Paving, Inc. has a claim against Daren for embezzlement. It alleges,

---

[23] The Amended Complaint did plausibly allege that there is an unresolved dispute over ownership and control of All Paving, Inc.
[24] Fed. R. Bankr. P. 4007(c).

8

among other things, that Daren embezzled $500,000 from an All Paving, Inc. account, and although he repaid $450,000, he still owes $50,000.[25] This allegation alone plausibly states a claim for relief under 11 U.S.C. § 523(a)(4).

It is true that the only proof of claim filed in Daren's bankruptcy case by any of the plaintiffs was filed by "Patrick Daly and Elizabeth Daly."[26] In box 1 of the proof of claim form, however, they also listed "All Paving and Sealcoating, LLC" on the line "Other names the creditor used with the debtor." For the basis of the claim, the creditors wrote "See attached Second Amended Complaint." Then attached to the proof of claim is a copy of a Second Amended Complaint filed in the state court action styled *All Paving, Inc., et al., v. Daly, et al.*, Case No. CACE 17-014794 (09), pending in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. While All Paving, Inc., was not listed as a creditor on the proof of claim form, it is listed as a plaintiff in this state court action.

Regardless, having filed a proof of claim (or being scheduled as a creditor) is not necessarily a prerequisite to having standing to seek a determination of dischargeability of a debt.[27] There could be any number of reasons why a particular creditor might not file a proof of claim, but nevertheless might assert a

---

[25] Other similar allegations in the Amended Complaint likewise state plausible claims that Daren embezzled money from All Paving, Inc.
[26] Case No. 22-15694, Claim No. 13-1.
[27] *See In re Hunn*, 49 B.R. 430, 430-31 (Bankr. M.D. Fla. 1985) (citing *In re Brown*, 37 B.R. 295, 298 (Bankr. W.D. Ky. 1983)); *In re Brundege*, 359 B.R. 22, 29 (Bankr. N.D.N.Y. 2007). Indeed in "no asset" chapter 7 cases, creditors may be notified that there are no assets from which a dividend can be paid, and that therefore it is unnecessary to file a proof of claim. *See* Fed. R. Bankr. P. 2002(e). Nevertheless, creditors who can plausibly allege the debtor owes them a debt that should be excepted from discharge certainly have standing to file an action under section 523 seeking a determination of dischargeability. *See Hunn*, 49 B.R. at 430-31; *Brown*, 37 B.R. at 298; *Brundege*, 359 B.R. at 29.

9

nondischargeability claim against a debtor. While failure to file a proof of claim may deprive that creditor of the opportunity to share in any distribution from the bankruptcy case, if successful in the nondischargeability action, that creditor nevertheless would be able to look to post-bankruptcy assets of the debtor for recovery on its claim. Here, again, the plaintiffs plausibly allege in the Amended Complaint that All Paving, Inc. has a claim against Daren for embezzlement. Accordingly, they have made a prima facie showing of standing (and therefore subject matter jurisdiction). Thus, to the extent Daren's arguments for dismissal of Count II as to All Paving, Inc. are that All Paving, Inc. does not have any claims against Daren and that Patrick and Elizabeth do not control All Paving, Inc., the Motion to Dismiss will be denied on this basis as well.

### 3. Count II Does Not Misjoin Causes of Action.

Daren also argues that by asserting claims both individually and as purported majority shareholders of All Paving, Inc., Patrick and Elizabeth have effected an improper misjoinder of causes of action.[28] In support of this procedural argument,[29] Daren cites only to Florida state court cases and a Florida rule of civil procedure, but not to any Federal Rules of Civil Procedure or related case law. Florida procedural rules, however, do not apply here. The Federal Rules of Bankruptcy Procedure, and those Federal Rules of Civil Procedure that are incorporated therein, do.[30] And under

---

[28] The plaintiffs failed to address this argument in their Response. Nevertheless, the Court will address it here.
[29] *See Gates v. L. G. DeWitt, Inc.*, 528 F.2d 405, 413 (5th Cir.), *opinion corrected*, 532 F.2d 1052 (5th Cir. 1976) (joinder of parties is a procedural rule that does not affect principles of substantive law).
[30] *See* Fed. R. Bankr. P. 1001; *see also* 28 U.S.C. § 2075.

10

Federal Rules of Civil Procedure 18 and 20, which apply to adversary proceedings pursuant to Federal Rules of Bankruptcy Procedure 7018 and 7020, there does not appear to be any improper misjoinder of claims or parties. Rule 18 states as follows:

> **(a) In General.** A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.
>
> **(b) Joinder of Contingent Claims.** A party may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights. In particular, a plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money.

And Rule 20(a) states, in relevant part:

> **(a) Persons Who May Join or Be Joined.**
>
> > *(1) Plaintiffs.* Persons may join in one action as plaintiffs if:
> >
> > > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> > >
> > > (B) any question of law or fact common to all plaintiffs will arise in the action.
>
> > \* \* \*
>
> > *(3) Extent of Relief.* Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.
>
> **(b) Protective Measures.** The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

In the Amended Complaint, All Paving and Sealcoating, LLC, All Paving, Inc., and Patrick and Elizabeth, all assert rights to relief against Daren: they each seek a determination that the debts allegedly owed to them by Daren are not dischargeable. The claims all arise out of the same transaction, occurrence, or series of transactions or occurrences, and raise questions of law or fact common to all plaintiffs. And to the extent each plaintiff does not seek relief jointly or severally, they certainly seek relief alternatively, which is also permitted under Rule 20(a)(1). Further, to the extent any of these claims are contingent on the determination of who owns (and controls) All Paving, Inc., joinder of contingent claims is permissible under Rule 18(b). Accordingly, joinder of these plaintiffs and these claims in this adversary proceeding is permitted by the Federal Rules of Civil Procedure, and the Motion to Dismiss will be denied on this basis, too.[31]

### C.    Count III - 11 U.S.C. § 523(a)(6)

Count III seeks a determination of dischargeability with respect to a debt for willful and malicious injury by the debtor to another entity or the property of another entity. In support of this claim, the plaintiffs allege that Daren "willfully and maliciously": (1) claimed to own All Paving, Inc. and made related statements about All Paving, Inc.'s ownership; (2) converted bank accounts, funds, equipment, and machinery of All Paving, Inc. to his own dominion and control; and (3) hacked into

---

[31] Federal Rule of Civil Procedure 21, made applicable here by Federal Rule of Bankruptcy Procedure 7021, also makes clear that "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Rather, the rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Accordingly, if it is determined that Patrick and Elizabeth do not own (and control) All Paving, Inc., then upon that determination – and upon a request from All Paving, Inc. – the Court may drop it as a party to this adversary proceeding at a later date.

Patrick's email account to take over control of and access to the domain name Allpaving.com.

In their Response, the plaintiffs again recede from some of these allegations and only address the claim for willful and malicious injury *to All Paving and Sealcoating, LLC's* property.[32] As to All Paving and Sealcoating, LLC, the Amended Complaint does plausibly allege that Daren willfully and maliciously hacked into Patrick's email account and transferred control of the Allpaving.com website – which allegedly had been purchased by All Paving and Sealcoating, LLC, and was used by both All Paving and Sealcoating, LLC and All Paving, Inc. – to himself. Thus, to the extent the Allpaving.com website was property of All Paving and Sealcoating, LLC, All Paving and Sealcoating, LLC has plausibly alleged that Daren willfully and maliciously injured All Paving and Sealcoating, LLC through his alleged actions, and the Motion to Dismiss will be denied as to All Paving and Sealcoating, LLC. But because the plaintiffs did not contest Daren's arguments for dismissal of Count III as to All Paving, Inc., the Motion to Dismiss Count III as to All Paving, Inc. will be granted.

---

[32] The heading for this portion of their argument is "Count III is for Willful and Malicious Injury to AP, LLC's [All Paving and Sealcoating, LLC's] Property." And the entirety of their argument addresses *only* the allegation that Daren improperly took over the Allpaving.com domain name and denied Patrick, Elizabeth, and All Paving and Sealcoating, LLC employees of access to their emails.

Accordingly, it is **ORDERED** that:

1. Daren's Motion to Dismiss or in the Alternative, for Judgment on the Pleadings,[33] is **GRANTED IN PART and DENIED IN PART**, as set forth herein.

2. Daren's request for judgment on the pleadings is **DENIED**.

3. Count I of the Amended Complaint is **DISMISSED** as to plaintiffs All Paving, Inc. and All Paving and Sealcoating, LLC.

4. Count II of the Amended Complaint is **DISMISSED** as to plaintiff All Paving and Sealcoating, LLC, but not as to plaintiff All Paving, Inc.

5. Count III of the Amended Complaint is **DISMISSED** as to plaintiff All Paving, Inc., but not as to plaintiff All Paving and Sealcoating, LLC.

### # # #

Copies furnished to all counsel of record by CM/ECF.

---

[33] ECF No. 51.